UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY N. THOMPSON,<br><br>   Plaintiff,<br><br>   v.<br><br>STEVE MASTERS,<br><br>   Defendant. | Case No. 16-cv-04704-KAW<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND** |

On August 15, 2016, Plaintiff Tracey N. Thompson filed this lawsuit against Defendant Steve Masters. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis, which the Court granted in a separate order on August 19, 2016. (Dkt. Nos. 2, 5.) Plaintiff's complaint, however, must be dismissed with leave to amend because the complaint fails to state a claim upon which relief can be granted.[1]

### I.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] Plaintiff consented to having a magistrate judge conduct further proceedings in this case. (Docket No. 15.) The Court does not require the consent of Defendant because Defendant has not been served and therefore is not a party within the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1994) (magistrate judge has jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties).

1    plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare

2    recitals of the elements of a cause of action" and "conclusory statements" are not adequate.

3    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a

4    probability requirement, but it asks for more than a sheer possibility that a defendant has acted

5    unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's

6    liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

7    (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

8        Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

9    (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "A pro se complaint, however inartfully

10   pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . "

11   *Estelle*, 429 U.S. at 106 (internal citations omitted).

## II.   DISCUSSION

13       Plaintiff's complaint concerns her allegations that she owns the copyright in "Surround

14   Sound," which was then bought by Thomas Dholby.  (Compl. at 1.)  She asserts that Defendant

15   Masters owns her royalties on the logo, and is "protecting" the money on it.  Although he is

16   willing to distribute some money to her, Defendant Masters is apparently locked in a room in her

17   building, waiting for court help.  (*Id.*)

18       The Court finds that Plaintiff has failed to adequately plead a claim.  First, Plaintiff has

19   failed to identify any cause of action.  Federal Rule of Civil Procedure 10 states: "A party must

20   state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single

21   set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate

22   transaction or occurrence . . . must be stated in a separate count or defense."  Here, Plaintiff does

23   not identify a claim, but only states the facts of her case.  Therefore, the Court is unable to

24   determine what cause of action she brings against Defendant.  It is also unclear what relief

25   Plaintiff is seeking from Defendant, who is apparently willing to distribute money to her.

26       Second, the Court finds that Plaintiff's complaint, as currently pled, does not raise a viable

27   claim.  Plaintiff brings a claim based on owed royalties from the "Surround Sound" logo, but does

28   not explain why she is owed any royalties on the copyright after Mr. Dholby bought the copyright.

1  Plaintiff also does not explain why she brings suit against Defendant Masters, or why Defendant
2  Masters owns her royalties when it is Mr. Dholby who has the copyright.  Further, it does not
3  appear Defendant Masters has committed any wrong as Plaintiff states he is willing to distribute
4  money to her, but requires court help.  Plaintiff does not identify what court help is required, what
5  legal basis there is for seeking such help, or why she is entitled to request help on Defendant
6  Masters's behalf.

7  Because Plaintiff has failed to plead a viable claim, the Court dismisses Plaintiff's
8  complaint with leave to amend.  Plaintiff shall file a first amended complaint within 30 days of
9  this order.  Plaintiff is on notice that the first amended complaint will supersede the original
10  complaint, such that it will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878
11  n.40 (9th Cir. 2001), *abrogated on other grounds by Johnson v. Cal.*, 543 U.S. 499 (2005).  For
12  this reason, Plaintiff shall properly identify the legal and factual bases for all of her claims, free
13  of any reference to any prior complaint, and she shall clearly identify the specific claims asserted
14  against each defendant.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on
15  other grounds by *Lacey v. Maricopa Cty*., 693 F.3d 896 (9th Cir. 2012).  Failure to file a first
16  amended complaint within 30 days of this order may result in dismissal of this action for failure
17  to prosecute.

18  To ensure that her first amended complaint complies with this order, Plaintiff may wish to
19  contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling
20  (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which may be
21  helpful to Plaintiff.  This manual, and other free information is available online at:
22  http://cand.uscourts.gov/pro-se.

23  IT IS SO ORDERED.

24  Dated: February 22, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge